1  Shaun Setareh (SBN 204514)
2      shaun@setarehlaw.com
   Thomas Segal (SBN 222791)
3      thomas@setarehlaw.com
   SETAREH LAW GROUP
4  9454 Wilshire Boulevard, Suite 907
   Beverly Hills, California  90212
5  Telephone:    (310) 888-7771
   Facsimile:    (310) 888-0109
6
7  Attorneys for Plaintiff,
8  ESTHER PEREZ

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | ESTHER PEREZ, on behalf of herself, all others similarly situated, | Case No.: |
13 | | **CLASS ACTION** |
14 | *Plaintiff,* | **COMPLAINT FOR:** |
15 | vs. | 1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); |
16 | ENSIGN   SERVICES,   INC.,   a   Nevada Corporation; and DOES 1 to 100, Inclusive | 2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); |
18 | *Defendants.* | 3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act) |
20 | | 4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act) |
22 | | 5. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198); |
24 | | 6. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198); |
26 | | 7. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); |
27 | | 8. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a)); |
28 | | 9. Failure to Timely Pay All Final Wages |

(Lab. Code §§ 201-203);
10. Unfair Competition (Bus. & Prof. Code
§§ 17200, *et seq.*);

**JURY TRIAL DEMANDED**

Plaintiff, ESTHER PEREZ (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against defendant ENSIGN SERVICES, INC., a Nevada corporation ("ENSIGN"), and DOES 1-100, inclusively (collectively, "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law.  Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

3.      Plaintiff brings this class action against defendant ENSIGN SERVICES, INC., a Nevada corporation ("ENSIGN"), and DOES 1-100, inclusively (collectively, "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants failed to provide her and all other similarly situated individuals with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated.

## PARTIES

5.      Plaintiff was employed by Defendant as an hourly, non-exempt employee working in the State of California from approximately 2008 to 2016.

6.      Defendant ENSIGN is a corporation organized and existing under the laws of

Nevada and also a citizen of California based on Plaintiff's information and belief.

7. Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9. Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

### CLASS ALLEGATIONS

10. This action has been brought and may be maintained as a class action pursuant to FRCP §23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11. **Relevant Time Period:** The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

12. The class and subclass members are defined as follows:

> **FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

> **ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

**CCRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**Ensign Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the **Relevant Time Period**.

> **Meal Break Sub-Class:** All **Ensign Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

> **On-Duty Meal Break Sub-Class**: All **Meal Break Sub-Class** members who were required to remain on-duty during their meal breaks.

> **Rest Break Class:** All **Ensign Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Wage Statement Penalties Sub-Class:** All **Ensign Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

> **Waiting Time Penalties Sub-Class:** All **Ensign Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Ensign Class** members employed by Defendants in California during the **Relevant Time Period**.

13.   **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.   **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.   Wherein Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the

statutory mandates?

    B.  Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

    C.  Whether Defendants willfully failed to identify the source of the credit report to be performed?

    D.  Wherein Defendants willfully failed to comply with the FCRA, ICRAA and/or the CRAA?

    E.  Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

    F.  Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

    G.  Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

    H.  Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

    I.  Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

    J.  Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

    K.  Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

   15.  **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and CCRAA as alleged herein.

   16.  **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of

*Perez v. Ensign Services, Inc.*             Class Action Complaint

4

class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

17.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
### (15 U.S.C. §§ 1681b(b)(2)(A))

#### (By Plaintiff and the FCRA Class against all Defendants)

19.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

20.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

21.    Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

22.    Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

23.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

24.     Section 1681b(b) of the FCRA provides, in relevant part:

> Conditions for furnishing and using consumer reports for employment purposes
>
> (2) Disclosure to consumer
>
> > (A) In general
> > Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
> >
> > > i.     **a *clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and
> > >
> > > ii.    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

25.     As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

26.     When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a two page Document entitled "Disclosure and Authorization" ("Disclosure").

27.     In pertinent part the Disclosure states:

DISCLOSURE REGARDING BACKGROUND INVESTIGATION

"Ensign Services, Inc., on behalf of your employer, may obtain information about you

---

*Perez v. Ensign Services, Inc.*                                      Class Action Complaint

for employment/volunteer or contractor purposes from a third party consumer reporting agency. Thus, you may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources such as your neighbors, friends, or associates These reports may contain information regarding your credit history, criminal history, social security verification, motor vehicle records ("Driving records") verification of your education or employment history, or other background checks. Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying. You have the right, upon proper request, to request whether a consumer report has been run about you, and to request a copy of that report. Please be advised that the "consumer report" and/or "investigative consumer report" will be conducted by Aurico Reports Inc., 116 W. Eastman St., Arlington Heights, Illinois, 60004, (866)255-1852, www.aurico.com, or another outside organization. The scope of this notice and authorization is all-encompassing, however, allowing the Company to obtain from any outside organizations all manners of consumer reports and investigative consumer reports ow and throughout the course of your employment to the extent permitted by law. As a result, you should carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report.

New York and Maine applicants, volunteers, contractors or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by the Company by contacting the consumer reporting agency identified above directly. You may also contact the Company to request the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries, which the Company shall provide within 5 days.

New York applicants, volunteers, contractors or employees only: Upon request, you will be informed whether or not a consumer report was requested by the Company, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report. By signing below, you also acknowledge receipt of Article 23-A of the New York Correction Law.

Oregon applicants, volunteers, contractors or employees only: Information describing your rights under federal and Oregon law regarding consumer identity theft protection, the storage and disposal of your credit information, and remedies available should you suspect or find that the Company has not maintained secured records is available to you upon request

Washington State applicants, volunteers, contractors or employees only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

ACNOWLEDGMENT AND AUTHORIZATION

I acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that I have read and understand both of those documents. I hereby authorize the obtaining of "consumer reports" and/or "investigative consumer reports by the Company at any time after receipt of this authorization and throughout my employment, if applicable. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by Aurico Reports Inc., 116 W. Eastman St., Arlington Heights, Illinois, 60004, (866) 255-1852, www.aurico.com, another outside organization acting on behalf of the Company, and/or the Company itself. I agree that a facsimile ('fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

New York applicants, volunteers, contractors or employees only: By signing below, you also acknowledge receipt of Article 23-A of the New York Correction Law.

Minnesota and Oklahoma applicants, volunteers, contractors or employees only: Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Company.

California applicants, volunteers, contractors or employees only: By signing below, you also acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW. Please check this box if you would like to receive a copy of an investigative consumer report or consumer credit report at no charge if one is obtained by the Company whenever you have a right to receive such a copy under California law.

28.     The purported disclosures are embedded with extraneous information including but not limited to information pertaining to New York applicants, Maine applicants, Oregon applicants, Washington state applicants, Minnesota applicants, and Oklahoma applicants.

29.     In fact, the Disclosure contains 49 lines of text in total, and 17 out of those 49 lines contain information that is not relevant to Plaintiff.  Thus, over one third of the Disclosure consists of extraneous information.

30.     Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

31.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing,

the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).   The inclusion extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

32.     Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.   For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

33.     The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.   In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

34.     In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

35.     By including extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

36.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

---

*Perez v. Ensign Services, Inc.*                                    Class Action Complaint

(a)     Defendants are a large corporation with access to legal advice;

(b)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d)     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

37.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

38.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

39.     As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

40.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

41.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class against all Defendants)

42.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

43.     Section 1681d(a)(1) provides:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

(2) is *made in a writing mailed, or otherwise delivered*, to the consumer, not later than three days after the date on which the report was first requested, and

(3) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

(4) Subsection (b) of Section 1681d(a)(1) provides:
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

44.     Defendant did not comply with Section 1681d(a)(1).

45.     Section 1681g(c) further provides summary of rights to obtain and dispute

information in consumer reports and to obtain credit scores as:

          (A) Commission summary of rights required

The Commission shall prepare a ***model summary of the rights*** of consumers under this subchapter.

          (B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of—

    (1)    the ***right of a consumer to obtain a copy of a consumer report*** under subsection (a) of this section from each consumer reporting agency;

    (2)    the ***frequency and circumstances under which a consumer is entitled to receive a consumer report without charge*** under section 1681j of this title;

    (3)    the right of a consumer to ***dispute information*** in the file of the consumer under section 1681i of this title;

    (4)    ***the right of a consumer to obtain a credit score*** from a consumer reporting agency, and a description of how to obtain a credit score;

    (5)    the ***method by which a consumer can contact, and obtain a consumer report from***, *a consumer reporting agency without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

    (6)    the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title;

(Emphasis Added).

46.    Defendant did not comply with 1681g(c)(1)(B)(ii) because the summary of rights did not include the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title.

47.    Defendant did not comply with 1681g(c)(1)(B)(iii) because the summary of rights did not include the right of the consumer to dispute information in the file of the consumer under section 1681i of this title.

48.    Defendant did not comply with 1681g(c)(1)(B)(iv) because the summary of rights did not include the right of the consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score.

49.    Defendant did not comply with 1681g(c)(1)(B)(v) because the summary of rights did not include the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau

---

prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003

50.    Defendant did not comply with 1681g(c)(1)(B)(vi) because the summary of rights did not include the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

### THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

### (By Plaintiff and the ICRAA Class against all Defendants)

51.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

52.    Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

53.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

54.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

55.    Thus a background checks qualifies as an investigative consumer report under the ICRAA

56.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

> (i) An investigative consumer report may be obtained.

> (ii) The permissible purpose of the report is identified.

> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

> (iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

57.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

58.     When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a Document entitled "Disclosure and Authorization" ("Disclosure").

59.     In pertinent part the two page Disclosure states:

DISCLOSURE REGARDING BACKGROUND INVESTIGATION

"Ensign Services, Inc., on behalf of your employer, may obtain information about you for employment/volunteer or contractor purposes from a third party consumer reporting agency.  Thus, you may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources such as your neighbors, friends, or associates  These reports may contain information regarding your credit history, criminal history, social security verification, motor vehicle records ("Driving records") verification of your education or employment history, or other background checks.  Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying.  You have the right, upon proper request, to request whether a consumer report has been run about you, and to request a copy of that report.  Please be advised that the "consumer report" and/or "investigative consumer report" will be conducted by Aurico Reports Inc., 116 W. Eastman St., Arlington Heights, Illinois, 60004, (866)255-1852, www.aurico.com, or another outside organization.  The scope of this notice and authorization is all-encompassing, however, allowing the Company to obtain from any outside organizations all manners of consumer reports and investigative consumer reports ow and throughout the course of your employment to the extent permitted by law.  As a result, you should carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report.

New York and Maine applicants, volunteers, contractors or employees only:  You have the right to inspect and receive a copy of any investigative consumer report requested by the Company by contacting the consumer reporting agency identified above directly. You may also contact the Company to request the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries, which the Company shall provide within 5 days.

New York applicants, volunteers, contractors or employees only: Upon request, you will be informed whether or not a consumer report was requested by the Company, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report. By signing below, you also acknowledge receipt of Article 23-A of the New York Correction Law.

Oregon applicants, volunteers, contractors or employees only: Information describing your rights under federal and Oregon law regarding consumer identity theft protection, the storage and disposal of your credit information, and remedies available should you suspect or find that the Company has not maintained secured records is available to you upon request

Washington State applicants, volunteers, contractors or employees only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

ACNOWLEDGMENT AND AUTHORIZATION

I acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that I have read and understand both of those documents. I hereby authorize the obtaining of "consumer reports" and/or "investigative consumer reports• by the Company at any time after receipt of this authorization and throughout my employment, if applicable. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by Aurico Reports Inc., 116 W. Eastman St., Arlington Heights, Illinois, 60004, (866) 255-1852, www.aurico.com, another outside organization acting on behalf of the Company, and/or the Company itself. I agree that a facsimile ('fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

New York applicants, volunteers, contractors or employees only: By signing below, you also acknowledge receipt of Article 23-A of the New York Correction Law.

Minnesota and Oklahoma applicants, volunteers, contractors or employees only:  Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Company.

California applicants, volunteers, contractors or employees only: By signing below, you also acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW. Please check this box if you would like to receive a copy of an investigative consumer report or consumer credit report at no charge if one is obtained by the Company whenever you have a right to receive such a copy under California law.

60.     The purported disclosures are embedded with extraneous information including but not limited to information pertaining to New York applicants, Maine applicants, Oregon applicants, Washington state applicants, Minnesota applicants, and Oklahoma applicants.

61.     In fact, the Disclosure contains 49 lines of text in total, and 17 out of those 49 lines contain information that is not relevant to Plaintiff. Thus, over one third of the Disclosure consists of extraneous information.

62.     Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

63.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes  unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

64.     The plain language of the statute clearly indicates that the inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

65.     By including extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

66.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a

written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

67.    Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(e)    Defendants are large corporations with access to legal advice;

(f)    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

68.    As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

69.    Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

70.    In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA**

**(Cal. Civ. Code § 1785 *et seq.*)**

**(By Plaintiff and the CCRAA Class against all Defendants)**

71.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

72.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

73.     Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

74.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: …(2) employment purposes…

75.     Thus a credit report qualifies as a consumer credit report under the CCRAA.

76.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and *shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report…*
> (Emphasis added.)

77.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

78.     When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a Document entitled "Disclosure and Authorization" ("Disclosure").

79.     In pertinent part the two page Disclosure states:

DISCLOSURE REGARDING BACKGROUND INVESTIGATION

"Ensign Services, Inc., on behalf of your employer, may obtain information about you for employment/volunteer or contractor purposes from a third party consumer reporting agency.  Thus, you may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources such as your neighbors, friends, or associates  These reports may contain information regarding your credit history, criminal history, social security verification, motor vehicle records ("Driving records") verification of your education or employment history, or other background checks.  Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying.  You have the right, upon

proper request, to request whether a consumer report has been run about you, and to request a copy of that report. Please be advised that the "consumer report" and/or "investigative consumer report" will be conducted by Aurico Reports Inc., 116 W. Eastman St., Arlington Heights, Illinois, 60004, (866)255-1852, www.aurico.com, or another outside organization. The scope of this notice and authorization is all-encompassing, however, allowing the Company to obtain from any outside organizations all manners of consumer reports and investigative consumer reports ow and throughout the course of your employment to the extent permitted by law. As a result, you should carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report.

New York and Maine applicants, volunteers, contractors or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by the Company by contacting the consumer reporting agency identified above directly. You may also contact the Company to request the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries, which the Company shall provide within 5 days.

New York applicants, volunteers, contractors or employees only: Upon request, you will be informed whether or not a consumer report was requested by the Company, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report. By signing below, you also acknowledge receipt of Article 23-A of the New York Correction Law.

Oregon applicants, volunteers, contractors or employees only: Information describing your rights under federal and Oregon law regarding consumer identity theft protection, the storage and disposal of your credit information, and remedies available should you suspect or find that the Company has not maintained secured records is available to you upon request

Washington State applicants, volunteers, contractors or employees only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

ACNOWLEDGMENT AND AUTHORIZATION

I acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that I have read and understand both of those documents. I hereby authorize the obtaining of "consumer reports" and/or "investigative consumer reports by the Company at any time after receipt of this authorization and throughout my employment, if applicable. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by Aurico Reports Inc., 116 W. Eastman St., Arlington Heights, Illinois, 60004, (866) 255-1852,

---

*Perez v. Ensign Services, Inc.*                                        Class Action Complaint

www.aurico.com, another outside organization acting on behalf of the Company, and/or the Company itself. I agree that a facsimile ('fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

New York applicants, volunteers, contractors or employees only: By signing below, you also acknowledge receipt of Article 23-A of the New York Correction Law.

Minnesota and Oklahoma applicants, volunteers, contractors or employees only: Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Company.

California applicants, volunteers, contractors or employees only: By signing below, you also acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW. Please check this box if you would like to receive a copy of an investigative consumer report or consumer credit report at no charge if one is obtained by the Company whenever you have a right to receive such a copy under California law.

80.     The Authorization does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. Nor does the Authorization identify the source of any credit report. Both of these omissions Authorization clearly violate § 1785.20.5(a) of the CCRAA, as delineated above.

81.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

82.     Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(h)     Defendants are large corporations with access to legal advice;

(i)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

and

(j)       The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

83.       As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

84.       Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

85.       In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff, Meal Break Sub-Class, On-Duty Meal Break Sub-Class)

86.       Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

87.       At all relevant times, Plaintiff and the **Meal Break Sub-Class, On-Duty Meal Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

88.       Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work

1   period of ten hours.

2       89.     Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers

3   from requiring employees to work during required meal periods and require employers to pay

4   non-exempt employees an hour of premium wages on each workday that the employee is not

5   provided with the required meal period.

6       90.     Compensation for missed meal periods constitutes wages within the meaning of

7   the California Labor Code § 200.

8       91.     Labor Code § 1198 makes it unlawful to employ a person under conditions that

9   violate the Wage Order.

10      92.     Section 11 of the Wage Order states: "Unless the employee is relieved of all duty

11  during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period

12  and counted as time worked. An 'on duty' meal period shall be permitted only when the nature

13  of the work prevents an employee from being relieved of all duty and when by written

14  agreement between the parties an on-the-job paid meal period is agreed to. The written

15  agreement shall state that the employee may, in writing, revoke the agreement at any time."  8

16  Cal. Code Regs. § 11040(11).

17      93.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period

18  agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Sub-Class,**

19  **On-Duty Meal Break Sub-Class** members were not subject to valid on-duty meal period

20  agreements with Defendants.

21                              *Unprovided Meal Periods*

22      94.     Plaintiff alleges that, at relevant times during the applicable limitations period,

23  Defendants maintained a policy or practice of requiring Plaintiff and **On- Duty Meal Break**

24  **Sub-Class** members to remain on-duty during their meal periods. Plaintiff and **On- Duty Meal**

25  **Break Sub-Class** members were not allowed to leave the premises during their meal period and

26  were required to have their walkie-talkies on them during their meal periods so that they could be

27  reached.  Moreover, due to the understaffing and amount of work, Plaintiff and **On- Duty Meal**

28  **Break Sub-Class** members frequently had to work through their meal period.  Although Plaintiff

and **On- Duty Meal Break Sub-Class** members were required to remain on-duty and continue working during their meal periods, they were required to clock in and out for at least thirty minutes for their meal period and were not paid for this time.

95.     Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants above mentioned policy or practice, Plaintiff and members of the **On- Duty Meal Break Sub-Class** were routinely denied uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

### *Late Meal Periods*

96.     Plaintiff alleges that, at relevant times during the applicable limitations period, due to the understaffing and the amount of work, Plaintiff and **Meal Break Sub-Class members** were routinely denied uninterrupted, duty-free meal periods of at least 30 minutes before the 5th hour of work.

97.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal Break Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

### *Unprovided Second Meal Periods*

98.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Meal Break Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

99.     Plaintiff and **Meal Break Sub-Class** members frequently worked shifts in excess of ten (10) hours without receiving a second meal period.

100.     At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

101.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of herself

and the **Meal Break Sub-Class, On-Duty Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

102.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal Break Sub-Class, On-Duty Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7, and 1198)**

**(Plaintiff and the Rest Break Sub-Class)**

103.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

104.    At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

105.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

106.    Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

107.    Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

108.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

109.    Plaintiff alleges that at relevant times during the applicable limitations period,

---

due to the understaffing and the amount of work, Plaintiff and **Rest Break Sub-Class** members frequently missed their rest periods

110. Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

111. At all relevant times, Defendants failed to pay Plaintiff and other **Rest Break Sub-Class** members additional premium wages when required rest periods were not provided.

112. Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of herself, **Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

113. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff, Ensign Class, On-Duty Meal Break Sub-Class)

114. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

115. At all relevant times, Plaintiff and **Ensign Class, On-Duty Meal Break Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

116. Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

117. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that

an employer has actual or constructive knowledge that employees are working.

118.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

119.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

120.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

121.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

122.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

123.    Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

124.    Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

125.    Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

126.    Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular

rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

127.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Ensign Class, On-Duty Meal Break Sub-Class** members with respect to working conditions and compensation arrangements.

### *On-Duty Meal Periods*

128.    Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and **On- Duty Meal Break Sub-Class** members to remain on-duty during their meal periods. Plaintiff and **On- Duty Meal Break Sub-Class** members were not allowed to leave the premises during their meal period and were required to have their walkie-talkies on them during their meal periods so that they could be reached.  Moreover, due to the understaffing and amount of work, Plaintiff and **On- Duty Meal Break Sub-Class** members frequently had to work through their meal period.  Although Plaintiff and **On- Duty Meal Break Sub-Class** members were required to remain on-duty and continue working during their meal periods, they were required to clock in and out for at least thirty minutes for their meal period and were not paid for this time.

129.    As a result of Defendants' above mentioned policy or practice, Plaintiff and members of the **- Duty Meal Break Sub-Class** were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

130.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods, and/or by failing to properly pay Plaintiff and **On-Duty Meal Break Sub-Class members** all overtime hours worked.

131.    Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **On-Duty Meal Break Sub-Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

*General Allegations Off the Clock*

132.     During the relevant time period, Defendants failed to pay Plaintiff and **Ensign Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Ensign Class** members to perform off-the-clock work.

133.     Plaintiff and **Ensign Class** had to work off-the-clock because they were frequently required to clock out for the end of their shift but continue working because overtime was heavily discouraged.  Plaintiff and **Ensign Class** would get disciplined if they logged overtime hours.

134.     As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

135.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of herself and **Ensign Class, On-Duty Meal Break Sub-Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

136. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Ensign Class, On-Duty Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Sub-Class)

137. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

138.     Labor Code § 226(a) states in pertinent part the following:  " (a) every

---

*Perez v. Ensign Services, Inc.*                                     Class Action Complaint

employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

139.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

140.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because Defendants did not provide an itemized statement as a detachable part of the check, draft, or voucher.

141.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because compensation for all off-the-clock work was not included and thus gross wages earned was not accurately reflected.

142.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because compensation for

on-duty meal periods was not included and thus gross wages earned was not accurately reflected.

143.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus gross wages earned was not accurately reflected.

144.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because total hours worked was not reflected.

145.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) off-the-clock work was not included and thus total hours worked was not accurately reflected.

146.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because time spent working during on-duty meal periods was not included and thus total hours worked was not accurately reflected.

147.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because compensation for all off-the-clock work was not included and thus net wages earned was not accurately reflected.

148.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because the inclusive dates of the pay period for which the employee is paid is not reflected.

---

149.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because compensation for on-duty meal periods was not included and thus net wages earned was not accurately reflected.

150.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus net wages earned was not accurately reflected.

151.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because off-the-clock work was not included thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at the regular rate by the employee accurately reflected.

152.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because time spent working during on-duty, unpaid meal periods was not included thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at the regular rate by the employee accurately reflected.

153.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because the regular rate is not included thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at the regular rate by the employee accurately reflected.

154.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because the overtime rate

is not included thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at the overtime time rate by the employee accurately reflected.

155.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because the double time rate is not included thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at the double time rate by the employee accurately reflected

156.     Plaintiff is informed and believes that Defendants' failures to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

157.     Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

158.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

### NINTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

159.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

160.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

161.    At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

162.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

163.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

164.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with Labor Code § 201 by failing to timely pay her all of her final wages.    Plaintiff did not receive her final paycheck immediately upon termination.

165.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

166.    Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

167.     Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

168.     Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

169.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

## TENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

170.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

171.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

172.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

173.     California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

174.     Plaintiff and the UCL Class realleges and incorporates by reference the

FIFTH, SIXTH, AND SEVENTH causes of action herein.

175.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

176.     Defendants have, or may have, acquired money by means of unfair competition.

177.     Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

178.     Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked.

### *Wages and Premium Wages*

179.     At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

180.     As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

181.     Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

### *Relief Sought*

182.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq*. Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

183.     As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

184.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

185.     Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

186.     Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

187.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

        A.  An order that the action be certified as a class action;

        B.  An order that Plaintiff be appointed class representative;

C. An order that counsel for Plaintiff be appointed class counsel;

D. Statutory penalties;

E. Declaratory relief;

F. Civil penalties;

G. Punitive damages;

H. Injunctive relief;

I. Costs of suit;

J. Interest;

K. Reasonable attorneys' fees; and

L. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Dated: October 19, 2016          Respectfully submitted,

SETAREH LAW GROUP

By
SHAUN SETAREH,
Attorney for Plaintiff,
ESTHER PEREZ